IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KIMBERLY G.,

      **Plaintiff,**

v.                                            CIVIL ACTION NO. 2:21-cv-45

COMMISSIONER OF
SOCIAL SECURITY,

      **Defendant.**

## *MEMORANDUM ORDER*

This matter comes before the Court on Kimberly G.'s[1] ("Plaintiff") Objections to the Report and Recommendation of the Magistrate Judge dated December 7, 2021. Pl.'s Objs. R. & R., ECF No. 25 ("Pl.'s Objs."). For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Plaintiff's objections are **OVERRULED**, and the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation. *See* R. & R. Dec. 7, 2021, ECF No. 24 ("R. & R."). On January 18, 2019, Plaintiff initially filed for disability benefits ("DIB") and supplemental security income ("SSI"). Administrative Record 203-19, ECF No. 11 ("R."). Plaintiff alleged disability beginning March 28, 2007,[2] based on seizures, hypothyroid, diabetes, encephalitis, mood disorder, problems swallowing, depression, short-term memory, and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff has alleged disability beginning March 28, 2007, but there are very few medical records until 2018. *See* R. at 37. At her administrative hearing, Plaintiff testified that her prior employment ended in 2007 because of conflicts stemming from her prioritizing her son's health concerns. R. at 41. The court considers these discrepancies a credibility concern.

1

dysphagia. R. at 240. These claims were denied, initially on March 29, 2019, and upon reconsideration on June 27, 2019. R. at 15. Plaintiff then requested an administrative hearing. *Id.* The hearing was held via telephone on June 4, 2020. R. at 32-62. Counsel represented Plaintiff at the hearing and a vocational expert ("VE") testified. *Id.*

On August 5, 2020, the ALJ denied Plaintiff's claims for DIB and SSI, finding she was not disabled during the period alleged. R. at 26. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 21. On November 17, 2020, the Appeals Council denied Plaintiff's request for review. R. at 1.

On January 21, 2021, Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking this Court's review of the Commissioner's decision. Compl., ECF No. 1. On May 27, 2021, this Court entered an Order referring this action to United States Magistrate Judge Douglas E. Miller ("Magistrate Judge") to conduct hearings, and submit proposed findings of fact, if applicable, and recommendations for the disposition of this matter pursuant to 28 U.S.C. § 636(b)(1)(B). Order May 27, 2021, ECF No. 12. That same day, Magistrate Judge Miller entered an order directing Plaintiff to file a motion for summary judgment within thirty (30) days from the date of the order, and for Defendant to file a responsive memorandum, a cross-motion for summary judgment if desired, and a statement of his position within thirty (30) days from Plaintiff's filing of a motion for summary judgment. Mag. Judge Order May 27, 2021, ECF No. 13. On September 22, 2021, Plaintiff filed a Motion for Summary Judgment. Pl.'s Mot. Summ. J., ECF No. 18. On October 22, 2021, Defendant filed a Motion for Summary Judgment. Def.'s Mot. Summ. J., ECF No. 21.

On December 7, 2021, Magistrate Judge Miller filed his Report and Recommendation ("R. & R."), in which he recommended the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the decision of the Commissioner be **AFFIRMED**. R. & R. at 22. On December 21, 2021, Plaintiff filed the instant Objections to the R. & R. Pl.'s Objs. On December 23, 2021, Defendant filed a response to Plaintiff's objections. Def.'s Response to Pl.'s Objs. R. & R., ECF No. 26. Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [a magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge."). Under *de novo* review, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions. *See Halloway v. Bashara*, 176 F.R.D. 207, 209–10 (E.D. Va. 1997); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."). When conducting this "*de novo* determination," a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application

3

of the correct legal standard. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that "the ALJ did not err in determining Plaintiff's mental impairments were non-severe." Pl.'s Objs. at 1. Plaintiff raises several challenges to the Magistrate Judge's reasoning. *See id.*

First, Plaintiff argues the Magistrate Judge's "failure to consider [two pieces of] evidence was a mischaracterization of the evidence." *Id.* at 2. Plaintiff grounds her argument in *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 99 (4th Cir. 2020), in which the Fourth Circuit refused to uphold an ALJ's disability determination where the ALJ "cherry-pick[ed] certain facts . . . [and] also misstated or mischaracterized other material facts." Plaintiff argues the Magistrate Judge committed the same error here by failing to consider two pieces of evidence: (1) "[Plaintiff] testified during the June 2020 hearing that she called her psychiatrist because she wanted to set up a time to see her again"; and (2) "Plaintiff also testified that she had not gone out much due to the emergence of the COVID-19 pandemic." Pl.'s Objs. at 2. Plaintiff concludes the failure to consider this evidence renders "invalid" "the Magistrate Judge's finding that Plaintiff failed to seek additional mental health treatment." *Id.*

The R. & R. reflects, however, that the Magistrate Judge considered both pieces of evidence and characterized them in the same manner as Plaintiff. *See* R. & R. at 7-8 ("[Plaintiff] stated that she called her physician two weeks before the hearing to resume treatment and verify insurance coverage."); *see also* R. & R. at 15, n.5 ("Plaintiff attempts to justify her failure to seek treatment after September 2019 at least partially on '[t]he emergence of the COVID-19 pandemic.' Pl.'s Reply (ECF No. 23, at 2). However, Plaintiff's only relevant hearing testimony was that '[with COVID, and even before that, [she] didn't go' out very much in the evenings. (R. 47). She has provided no evidence that the pandemic inhibited any actual efforts she made to seek treatment. In fact, she failed to attend a scheduled consultative exam following the hearing. (R. 19)."). Moreover, Plaintiff misunderstands the Magistrate Judge's finding. The Magistrate Judge explicitly concluded "[t]here is substantial evidence that Plaintiff's mental impairments had adequately resolved by September 2019—within a year after hospitalization." R. & R. at 14. The Magistrate Judge acknowledged Plaintiff's effort to seek treatment two weeks before her hearing on June 4, 2020, and that "after failing to seek treatment for five months, Plaintiff denied depression and memory loss in February 2020." *Id.* at 7, 15. These facts supported the Magistrate Judge's conclusion that "the ALJ could permissibly assign weight to Plaintiff's complete failure to seek mental health treatment after September 2019." *Id.* at 15. Even if the Court took the "complete failure" language out of context, therefore, the ultimate finding that Plaintiff's mental impairments adequately resolved within one year, thereby failing to meet the durational requirement, would remain undisturbed.

Second, Plaintiff argues the Magistrate Judge failed to explain the irrelevancy of reports documenting Plaintiff's suicidal ideation in early 2019. Pl.'s Objs. at 2. Plaintiff again misunderstands the Magistrate Judge's finding because she focuses on the fact that these findings

5

"were accompanied by symptoms including,[sic] anxiousness, depressed mood, decreased energy, impulsive behavior, anger, confusion, and impaired memory." *Id.* Yet, the Magistrate Judge did not find the *contents* of the reports to be irrelevant, but rather found that "any records between September 2018 and September 2019, such as Plaintiff's suicidal ideation in early 2019, have no impact on duration, and the ALJ was free to disregard them on this question." R. & R. at 16 (emphasis in original) (internal citations omitted). In other words, regardless of the substance of the reports, the Magistrate Judge is correct that the fact the records were created between September 2018 and September 2019 renders them inapplicable to the question of how long Plaintiff's mental impairments persisted.

Moreover, Plaintiff relies once again on *Arakas* in arguing the Magistrate Judge cherry-picked evidence "[b]y focusing solely on reports of suicidal ideation" and "ignore[ing] equally probative evidence exhibitimng [sic] Plaintiff's deteriorating mental state." Pl.'s Objs. at 2. The Magistrate Judge, in mentioning records "*such as* Plaintiff's suicidal ideation in early 2019," clearly named them an example of evidence "the ALJ was free to disregard." R. & R. at 16 (emphasis added). Prior to that discussion, the Magistrate Judge mentioned the "significant evidence that [Plaintiff's] mental impairments began after her encephalitis," and also explicitly explained that the ALJ "connected multiple records to show a continued pattern of improvement." *Id.* (citing R. at 19, 24, 489, 492, 1113-34). Indeed, the Magistrate Judge also specifically acknowledged the evidence that Plaintiff argued the ALJ had "cherry-picked." *See id.* ("Plaintiff accuses the ALJ of discounting her July 2018 treatment record."). The Magistrate Judge therefore named, discussed, and analyzed "equally probative evidence" of Plaintiff's mental state in reaching his conclusion. Pl.'s Objs. at 2.

Third and finally, Plaintiff challenges the Magistrate Judge's finding that *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) is not controlling in her case. Pl.'s Objs. at 3. In *Brown*, the Fourth Circuit vacated and remanded the decision of an ALJ who made inaccurate and unreasonable credibility findings by failing to acknowledge the limited extent of the activities a claimant could perform, and by misrepresenting medical records. 873 F.3d at 269-71. Plaintiff argues her case is similar to *Brown* because the ALJ misrepresented her credibility by describing her as "'independent in her daily activities,' when the record clearly showed otherwise." Pl.'s Objs. at 3. The ultimate issue in *Brown*, however, was not simply that the ALJ provided a short list of the applicant's activities – such as cooking, driving, doing laundry, collecting coins, attending church, and shopping – but rather that the ALJ's effort was insufficient in establishing whether the applicant could sustain a full-time job or suffered disabling pain. 873 F.3d at 269-70. Unlike *Brown*, the ALJ evaluated Plaintiff's daily activities according to the four broad functional areas of mental functioning, known as the "paragraph B" criteria, set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 19-20 (the four functional areas are: (1) "understanding, remembering or applying information"; (2) "interacting with others"; (3) "concentrating, persisting or maintaining pace"; and (4) "adapting or managing oneself"). The Court therefore finds that the Magistrate Judge was correct in distinguishing Plaintiff's case.

Plaintiff also argues that "while the ALJ noted Plaintiff drives daily to take her husband to work and cares for her son, he neglected to mention Plaintiff's testimony that her family only has one car and said drive only takes five to ten minutes." Pl.'s Objs. at 3 (internal citations omitted). Moreover, Plaintiff notes "her husband prepares her meals or they are obtained through Meals on Wheels," and "her husband takes care of their son and dog." *Id.* As the Magistrate

7

Judge concluded, "[t]he fact that Plaintiff and her husband own only one car does not detract from her ability to independently drive that car, which she stated she did every workday." R. & R. at 19. "Neither does the fact that her husband's work location is only five to ten minutes away dimmish her consistent independent performance of this task." *Id.* Moreover, "Plaintiff still testified that she prepares breakfast for her son." *Id.* at 20. Thus, the Court agrees with the Magistrate Judge's conclusion that any qualifications of Plaintiff's activities do not undermine the ALJ's analysis. *Id.*

### IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R. & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objection. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed December 7, 2021. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 24, 2022

Raymond A. Jackson
United States District Judge